IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH AMEZOLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:14cv686 |
| VS. | § | |
| | § | |
| PREMIUM SPRAY PRODUCTS, INC., | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Josh Amezola files this Complaint against Defendant Premium Spray Products, Inc. and would show the following:

### Parties

1. Plaintiff Josh Amezola is an individual residing in Montgomery County, Texas.

2. Defendant Premium Spray Products, Inc. is a Georgia corporation with its principal place of business in Marietta, Georgia. Defendant may be served with process through its registered agent, Incorp Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction over the claim under 42 U.S.C. § 1981, as well as diversity and/or supplemental jurisdiction over the state law claims.

4. Venue is proper in this District because Mr. Amezola resides in this District and because he was employed by Defendant in this District.

### Count I: Race and National Origin Discrimination

5. Premium Spray Products (PSP) is a manufacturer of spray polyurethane foam products. PSP employed Mr. Amezola as a salesperson in 2010.

1

6. Mr. Amezola was the only Latino employee of the company. During the course of his employment, Mr. Amezola was subjected to repeated remarks and insults relating to his race and national origin. The CEO (Mac Hess) made many disparaging comments about Latinos (and members of other races) and referred to Latinos as "you people." Mr. Hess treated Mr. Amezola differently from other employees, harassing and badgering him for years to the point that Mr. Amezola had to take time off due to stress and anxiety.

7. Notwithstanding the constant harassment and badgering, Mr. Amezola built his territory into one of the strengths of the company. On February 6, 2014, Mr. Amezola received a major contract with a school district. He was on track to obtaining significant business from another major customer. Mr. Amezola was already one of the top salespersons for the company, and he anticipated that his sales numbers were about skyrocket.

8. On the following day, the company fired Mr. Amezola and replaced him with a white employee. Having used Mr. Amezola to build the territory, the company turned the territory over to a white employee to reap the benefits. The company refused to give Mr. Amezola any explanation for his termination, other than a vague reference to "incidents." Mr. Amezola had never been written up or disciplined for any infractions.

9. In March 2014, Mr. Amezola sent a demand letter to PSP, seeking unpaid compensation (as detailed in Count II) and raising the discrimination issues. In a letter dated March 13, 2014, PSP (through its counsel) retaliated against Mr. Amezola by (a) refusing to pay him the remaining compensation as an employee, (b) refusing to provide information necessary to calculate certain commissions that are due to Mr. Amezola, (c) making a frivolous demand for repayment of past commissions, (d) threatening to pursue a frivolous counterclaim against Mr. Amezola if he pursued his rights, and (e) making scurrilous allegations against Mr. Amezola in

an effort to justify his termination. In a letter dated March 17, 2014, PSP (through its counsel) further retaliated against Mr. Amezola by making false accusations regarding the theft of company assets and threatening suit against Mr. Amezola.

10. Mr. Amezola is filing a charge of discrimination with the EEOC, which raises claims of race and age discrimination, as well as retaliation. Mr. Amezola has not yet exhausted his remedies before the EEOC, and thus he is not asserting claims under the Title VII and Chapter 21 of the Texas Labor Code at this time. However, Mr. Amezola anticipates that he will add those claims to this lawsuit.

11. With respect to 42 U.S.C. § 1981, all conditions precedent have occurred or been satisfied.

12. PSP violated 42 U.S.C. § 1981 because it harassed Mr. Amezola due to his race and national origin, terminated him because of his race and national origin, and then retaliated against him for complaining about the discrimination. PSP is therefore liable to Mr. Amezola for (a) back pay, lost benefits, and other economic losses; (b) reinstatement or alternatively front pay; (c) compensatory damages, including damages for emotional distress and punitive damages; (d) pre- and post-judgment interest as provided by law; (e) attorneys' fees; and (f) all costs of court.

### Count II: Unpaid Compensation Under the Employment Contract

13. The terms of Mr. Amezola's employment with PSP are governed by the Employment Contract dated August 16, 2010, and by the Texas Payday Law. The Texas Payday Law requires that an employer pay a terminated employee in full within six days after termination. Tex. Labor Code § 61.014(a). PSP did not do this, and instead has taken the frivolous position that the Texas Payday Law does not apply to Mr. Amezola because of a choice

of law clause in the Employment Contract. PSP cannot use a choice of law provision to evade its statutory obligations as the employer of an employee working in Texas.

14. In any event, PSP owes Mr. Amezola the following items of compensation, all of which are immediately due and payable:

(a) Ten weeks of vacation pay pursuant to paragraph 15 of the Employment Contract.

(b) Two weeks of regular pay for the notice period required by paragraph 41 of the Employment Contract.

(c) The employee car allowance for the last month of employment, as required by paragraph 10 of the Employment Contract.

(d) Expense reimbursement in accordance with paragraph 9 of the Employment Contract.

(e) Unpaid commissions for 2013 and 2014.

(f) On information and belief, unpaid commissions from prior years, given that PSP failed to credit Mr. Amezola for all of the sales in his territory. Mr. Amezola has requested an audit of the sales in his territory during those years, but PSP has refused to comply.

15. Mr. Amezola expects that the total amount of this claim, including attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code, will exceed $75,000.00 for purposes of diversity jurisdiction. Alternatively, the Court has supplemental jurisdiction over this claim.

16. All conditions precedent have occurred or been satisfied.

17. PSP is liable to Mr. Amezola for all sums due under the Employment Contract, plus attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, PSP should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Amezola and against PSP for:

(1) The wages, employment benefits, and other compensation lost to Mr. Amezola;

(2) Reinstatement or alternatively front pay;

(3) Compensatory damages, including damages for emotional distress and punitive damages;

(4) Pre- and post-judgment interest as provided by law;

(5) Attorneys' fees;

(6) All costs of court; and

(7) Any other relief to which Mr. Amezola may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF